IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 5:17-CV-00599 |
| Plaintiff, | **COMPLAINT** |
| | **JURY TRIAL DEMAND** |
| v. | |
| COMMUNITY INNOVATIONS, INC., | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Milton Elliott ("Elliott") who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that in retaliation for Elliott's complaints about sexual harassment, Defendant Community Innovations, Inc. ("Defendant") transferred Elliott, which resulted in a change of his schedule and reduced his work hours, and ultimately led to Elliott's discharge, or in the alternative constructive discharge, from employment with Defendant.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4. At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in the State of North Carolina and the Town of Holly Springs, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURE

6. More than thirty days prior to the institution of this lawsuit, Elliott filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On August 17, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide

Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On September 14, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about August 18, 2016, Defendant engaged in unlawful employment practices at its facility in Holly Springs, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it retaliated against Elliott for his opposition to practices made unlawful by Title VII, specifically his complaint about what he reasonably perceived to be sexual harassment.

12. Elliott began working for Defendant in April 2015 as a Paraprofessional. Elliott's job was to assist patients in Defendant's residential facilities with personal care such as cooking, eating, bathing, and getting dressed.

13. Elliott was primarily assigned to assist one particular patient at Defendant's Wake I facility Monday through Friday during the hours of 11 p.m. to 8 a.m.

14. On or about August 9, 2016, Elliott complained to Defendant's Regional Director that a female coworker was subjecting him, Elliott, to sexual harassment.

15. Specifically, on or about August 9, 2016, Elliott reported to the Regional Director that a female coworker had made inappropriate unwelcome comments of a sexual nature to Elliott, including unsolicited comments and questions about Elliott's sex life and the size of his penis.

3

Case 5:17-cv-00599-D    Document 1    Filed 12/05/17    Page 3 of 8

16. On or about August 18, 2016, Defendant informed Elliott he was being transferred to Defendant's Wake II facility to remedy Elliott's allegation. Defendant also informed Elliott his work hours would be changed and he would be required to work Friday, Saturday, Sunday and Monday.

17. The new schedule would reduce Elliott's hours, and therefore, reduce his pay.

18. On or about August 18, 2016, Elliott informed Defendant that he was unable to work the new schedule. Elliott also complained to Defendant that the newly assigned schedule would reduce his hours, and therefore his pay, from five days per week to four days per week.

19. Elliott told Defendant he should not be required to move facilities because he was the individual who had made the sexual harassment complaint.

20. On or about August 19, 2016, Defendant's Regional Director notified Elliott he had been scheduled to work at Defendant's Wake II facility Wednesday 8 a.m. to 4 p.m., Friday 11 p.m. to 8 a.m., Saturday 8 p.m. to 8 a.m., Sunday 8 p.m. to 9:30 a.m., and Monday 11 p.m. to 9:30 a.m. Elliott responded he could only work the hours and days that he had been working, i.e., before his sexual harassment complaint. The Regional Director told Elliott to discuss the matter with Defendant's Human Resource Director.

21. On or about August 19, 2016, Elliott informed the Human Resource Director he could not accept the transfer because of the schedule change and reduction in hours. Elliott also told the Human Resource Director he believed the transfer was unfair because he was the one who made the harassment complaint.

22. On or about August 19, 2016, Defendant's Human Resource Director advised Elliott he could either accept the transfer to Wake II and work the schedule provided, or resign his employment.

23. Elliott did not resign.

24. Defendant terminated Elliott.

25. Defendant retaliated against Elliott for his complaint about sexual harassment by involuntarily transferring Elliott to a schedule he was unable to work, in violation of Title VII.

26. Defendant retaliated against Elliott for his complaint about sexual harassment by involuntarily transferring Elliott to a schedule which reduced his overall hours and required him to work less desirable hours and days, in violation of Title VII.

27. Defendant's involuntary transfer of Elliott lead to Elliott's discharge from employment with Defendant, in violation of Title VII.

28. In the alternative, Defendant's involuntary transfer of Elliot lead to Elliott's forced resignation from his employment with Defendant, in violation of Title VII.

29. The effect of the practices complained of above has been to deprive Elliott of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful by Title VII.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Elliott.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination by retaliating against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding

under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees who oppose, or who have opposed unlawful discriminatory employment practices, or who have participated in a proceeding under Title VII, or have otherwise engaged in protected activity, and which eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendant to make Elliott whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

  D. Order Defendant to make whole Elliott by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make whole Elliott by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Elliott punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 5th day of December, 2017.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        131 M. Street, NE
        Washington, D.C. 20507

        /s/ Lynette A. Barnes
        LYNETTE A. BARNES
        N.C. Bar No. 19732
        Regional Attorney

        YLDA MARISOL KOPKA
        Supervisory Trial Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, N.C. 28202

        /s/ Zoë G. Mahood
        ZOË G. MAHOOD
        N.C. Bar No. 21722
        Senior Trial Attorney
        Raleigh Area Office
        434 Fayetteville Street, Suite 700
        Raleigh, North Carolina 2761
        Telephone:    919.856.4080
        Facsimile:    919.856.4156
        Zoe.mahood@eeoc.gov

        ATTORNEYS FOR PLAINTIFF