IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:17-CV-00599

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                    )
                               )
                               )
            Plaintiff,         )
                               )
      v.                       )
                               )        CONSENT DECREE
COMMUNITY INNOVATIONS, INC.,   )
                               )
            Defendant.         )
                               )
                               )
                               )
_____)

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that in retaliation for Milton Elliott's ("Elliott") complaints about sexual harassment, Defendant Community Innovations, Inc. transferred Elliott, which resulted in a change of his schedule and reduced his work hours, and ultimately lead to Elliott's discharge, or in the alternative constructive discharge, from his employment with Defendant.

The Commission and the Defendant, Community Innovations, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2.    Defendant shall pay Milton Elliott the sum of Forty Thousand Dollars ($40,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Elliott. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Elliott at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Elliott. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Elliott may or may not incur on such payments under local, state and/or federal law.

3.    Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Milton Elliott any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2016-02944 and the related events that occurred thereafter, including this

2

litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Elliott from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4.      Defendant shall provide Milton Elliott with a neutral letter of reference using the form attached hereto as Exhibit A. Within twenty (20) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Elliott at an address provided by the Commission. Elliott is free to disseminate the letter to potential employers. If Defendant receives any inquiry about Elliott from a potential employer, it will provide only dates of employment and final position.

5.      Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and post a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on sex and retaliation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of their facilities in North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by

posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. The training provided by Defendant may be web-based, at Defendant's election. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against sex discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of managers, supervisors and employees under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its North Carolina facilities in Wake, Johnson and Harnett counties. If the Notice becomes defaced or unreadable, Defendant shall replace it by

posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9.      During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A.      the identities of all individuals who have opposed any practice made unlawful under Title VII, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, and position;

B.      for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

C.      for each individual whose employment status has changed as identified in 9.B. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's North Carolina facilities, interview employees and examine and copy documents.

11.     If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to

5

the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.   The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13.   All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Laura Fortier at lfortier@cbcarellc.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

14.   All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15.   Each party shall bear its own costs and attorney's fees.

16.   This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_March 20, 2019_
Date

_A. Dever_
Judge, U.S. District Court
Eastern District of North Carolina

6

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
E-mail: lynette.barnes@eeoc.gov

YLDA M. KOPKA
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, NC 28202
Email: ylda.kopka@eeoc.gov

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Telephone: (919) 856-4080
Fax: (919) 856-4156
Email: Zoe.Mahood@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**COMMUNITY INNOVATIONS, INC., Defendant**

/s/ Robert W. Shaw
ROBERT W. SHAW
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
P.O. Box 2611
Raleigh, NC 27602
Telephone: (919) 821-6779
Fax: (919) 821-6800
Email: rshaw@grsm.com

**ATTORNEY FOR DEFENDANT**

**EXHIBIT A**

[Defendant's letterhead]

[Date]

To Whom It May Concern:

Please consider this correspondence as a letter of reference on behalf of our former employee, Milton Elliott.

Mr. Elliott was employed by Community Innovations, Inc. from April 2015 until August 2016. During his tenure with us, Mr. Elliott worked as a Paraprofessional. At the end of his employment with us, his hourly rate was $8.00 per hour.

We hope that this information about Mr. Elliott is helpful to you in considering her for employment.

Sincerely,


Melinda Frederick
Chief Executive Officer

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | CIVIL ACTION NO. 5:17-CV-00599 |
| ) | |
| Plaintiff, ) | |
| ) | **EMPLOYEE NOTICE** |
| v. ) | |
| ) | |
| COMMUNITY INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Community Innovations, Inc., in a case of discrimination based on retaliation. Specifically, the EEOC alleged Community Innovations, Inc. retaliated against Milton Elliott in response to his sexual harassment complaint by transferring him and ultimately terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, Community Innovations, Inc. agreed to pay monetary damages to Milton Elliott, and to take other actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Community Innovations, Inc. will comply with such federal law in all respects. Furthermore, Community Innovations, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) –years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2023.